IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
August 29, 2001 Session

## CARL O. KOELLA, JR., v. FRED McHARGUE and wife, GRACE McHARGUE

**Direct Appeal from the Circuit Court for Blount County, Equity Division**
**No. E-17180     Hon. C.K. Smith, by Interchange, Chancellor**

**FILED SEPTEMBER 10, 2001**

**No. E2001-00544-COA-R3-CV**

Defendants have right of first refusal on tract of real property.  The Trial Court held that the giving of a quitclaim deed did not trigger the right of first refusal.  Defendants appealed, we affirm.

**Tenn. R. App. P.3 Appeal as of Right; Judgment of the Circuit Court Affirmed.**

HERSCHEL PICKENS FRANKS, J., delivered the opinion of the court, in which CHARLES D. SUSANO, JR., J., and D. MICHAEL SWINEY, J., joined.

Frank M. Fly and Mark J. Downton, Murfreesboro, Tennessee, for Appellants, Fred and Grace McHargue.

Robert L. Kahn, Knoxville, Tennessee, for Appellee,  Maribel Koella.

**OPINION**

In this action, plaintiff Maribel Koella, Executor of the Estate of Carl O. Koella, Jr., filed a Motion with the Court to authorize her to quitclaim any interest which she had in the disputed

property to Richard Koella.[1] The Chancellor authorized plaintiff to quitclaim her interest to Richard Koella on condition that defendants' right of first refusal would remain in effect as to any future sale of the property.

Defendants have appealed, insisting that the proposed quitclaim deed would trigger the right of first refusal under the Agreement. The Agreement gave defendants the right of first refusal on an 88.80 acre tract of land lying adjacent to the property conveyed to defendants, and the Agreement provided that if the grantors decided to sell any or all of the 88.80 acre tract, the right of first refusal as set forth in the Agreement would be triggered. Defendant argues that while Richard Koella is the son of one of the original grantors, he stands in the same position as would any other member of the general public.

There is no purported quitclaim deed in the record, but the Trial Court's direction is clear. The Court's Order states, in pertinent part:

> IT IS THEREFORE, ORDERED that Maribel Koella, as Executor and Beneficiary of the Estate of Carl O. Koella, Jr., deceased, be, and hereby is, authorized to convey by Quitclaim Deed to Richard Koella any interest she may have in the Property; and that the right of first refusal in favor of Fred McHargue and wife, Grace McHargue shall not apply to such conveyance; but such right of first refusal shall remain in effect as to future arm's length sales of the Property by Richard Koella.

We agree with the Trial Court that the authorized quitclaim does not trigger the right of first refusal:

> The distinguishing characteristic of a quitclaim deed is that it conveys the interest or title of the grantor in and to the property described, rather than the property itself. If a deed purports and is intended to convey only the right, title, and interest in the land, as distinguished from the land itself, it is deemed to be a quitclaim deed; if it appears that the intention was to convey the land itself, then it is not a quitclaim deed, although it may possess characteristics peculiar to such deeds.

23 *Am.Jur.2d,* Deeds, §259.

The quoted Rule is followed by our Courts. This Court in *Young v. Littles Unknown Heirs,* 232 S.W.2d 614 (Tenn. Ct. App. 1950), held that a deed which purported to convey the land

---

[1]Richard Koella is the son of the late Carl Koella, Jr., who was one of the parties to the Agreement.

itself was not a mere quitclaim deed.

We hold that the Chancellor's authorization to plaintiff to give a quitclaim deed to Richard Koella is not a sale that would trigger the right of first refusal, and the Deed, as authorized by the Chancellor, does not purport to convey the land but merely any interest plaintiff may have in the property.

Accordingly, we affirm the judgment of the Trial Court and remand, with the cost of the appeal assessed to the appellants.

_____
HERSCHEL PICKENS FRANKS, J.